**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CASE NUMBER: 26-56638-jwc** |
| | ) | |
| **WILLIE JAMES DUKES,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

**DEBTOR'S RESPONSE AND OBJECTION TO THE HUNTINGTON NATIONAL BANK'S MOTION TO EXTEND DEADLINE TO FILE COMPLAINT TO DETERMINE DISCHARGEABILITY OF DEBT**

Debtor Willie James Dukes files this Response and Objection to the Motion to Extend Deadline to File Complaint to Determine Dischargeability of Debt Pursuant to 11 U.S.C. § 523(a) (the "Motion") filed by The Huntington National Bank ("Huntington") [Doc. No. 11], and respectfully shows the Court as follows:

1.

Debtor commenced this Chapter 7 case on May 19, 2026.

2.

The Court's Notice of Chapter 7 Bankruptcy Case established August 25, 2026 as the deadline to file a complaint to determine dischargeability under 11 U.S.C. § 523(c) and as the deadline to object to Debtor's discharge under 11 U.S.C. § 727. [Doc. No. 5].

3.

Huntington filed the Motion on August 25, 2026, the last day of the applicable period. The Motion is therefore timely under Fed. R. Bankr. P. 4007(c), but timeliness does not itself establish the "cause" required for an extension.

4.

The Motion's entire factual showing of cause is paragraph 4, which states only that "Huntington needs additional time to investigate whether grounds exist to object to the dischargeability of its debt." Huntington requests an additional thirty (30) days, through September 24, 2026. [Doc. No. 11, ¶¶ 4-5].

5.

The Motion does not identify the debt whose dischargeability Huntington proposes to investigate. Debtor's Schedule D identifies Cadence Bank as a secured creditor with a scheduled claim of $450,000, secured by the property identified in Schedule D. [Doc. No. 1, Schedule D, p. 2]. Public records reflect that, effective February 1, 2026, Cadence Bank merged with and into The Huntington National Bank, with The Huntington National Bank continuing as the surviving bank. (See Huntington Bancshares Incorporated, Current Report on Form 8-K, filed Feb. 2, 2026, Item 2.01.) The Motion, however, does not identify Huntington as Cadence Bank's successor, identify the scheduled Cadence obligation as "its debt," or otherwise identify the transaction or debt upon which a potential § 523(c) claim would be based.

6.

More importantly for purposes of Rule 4007(c), the Motion does not state when Huntington first received notice or actual knowledge of this bankruptcy case; does not contend that notice was delayed or inadequate; does not identify any information requested from Debtor; does not contend that Debtor failed or refused to cooperate; does not identify any discovery undertaken by Huntington; does not indicate that Huntington sought a Rule

2004 examination; does not identify any recently discovered information; and does not explain why Huntington could not complete its investigation within the period provided by Rule 4007(c).

## ARGUMENT

7.

Rule 4007(c) permits the Court, on a motion filed before expiration of the deadline, to extend the time to file a complaint under § 523(c) only "for cause" and "after notice and a hearing." Fed. R. Bankr. P. 4007(c). The moving creditor must therefore present facts sufficient to permit the Court to find cause.

8.

In *Jarvis v. Weiskopf (In re Weiskopf)*, Case No. 15-57581-BEM, Doc. 23, at 4 (Bankr. N.D. Ga. Oct. 27, 2015), the Court denied a timely, last-day request for an extension where the creditor failed to show adequate diligence. The Court explained that "cause" requires more than a request for additional time and that the creditor must show why it was unable to accomplish its investigation within the period allowed by the Bankruptcy Rules. *Id.* (citing *In re Miles*, 453 B.R. 449, 451 (Bankr. N.D. Ga. 2011)).

9.

Courts evaluating cause under Rules 4007(c) and 4004(b) generally consider: (1) whether the debtor refused in bad faith to cooperate; (2) whether the creditor had sufficient notice of the deadline and sufficient information to file a complaint; (3) whether another proceeding may have collateral-estoppel consequences; (4) whether the creditor exercised diligence; and (5) the complexity of the case. *In re Pavel*, Case No. 25-10740-PMB, Doc.

No. 55, at 3-4 (Bankr. N.D. Ga. Oct. 23, 2025); *Wheaton v. David Cory Kitchens (In re David Cory Kitchens)*, Case No. 20-10577-AEC, Doc. 54, at 4 (Bankr. M.D. Ga. Mar. 11, 2021).

10.

The recent decision in *Pavel* emphasizes that diligence carries substantial weight and that, at a minimum, a creditor must demonstrate some degree of due diligence before seeking an extension so that Rule 4007(c) does not become a vehicle for a fishing expedition. *Pavel*, Doc. No. 55, at 4 (citing *In re James*, 187 B.R. 395, 397 (Bankr. N.D. Ga. 1995)). The creditor in *Pavel* attended the § 341 meeting, coordinated discovery with other creditors, obtained a Rule 2004 examination, and conducted that examination only one week before expiration of the deadline. *Id.* at 4-5. Those affirmative investigative efforts supported a brief extension.

11.

Similarly, in *In re Riggs*, No. 22-30575 (Bankr. N.D. Ohio Feb. 14, 2023), a creditor filed a Rule 4007(c) motion on the bar date seeking an additional thirty days to investigate a potential nondischargeability claim. Although the creditor had attended the § 341 meeting and possessed information concerning the underlying debt and a prepetition state-court judgment, it had made no document requests, had not sought a Rule 2004 examination, and had undertaken no meaningful investigation during the period provided by Rule 4007(c). The court denied the extension, concluding that the creditor had failed to establish cause even under a "minimally sufficient showing" standard. *Id.* The court explained that a creditor's knowledge of the deadline, combined with a failure to diligently seek discovery,

is "absent unusual circumstances, fatal to an extension motion." *Id.* (quoting *In re Nowinski*, 291 B.R. 302, 306 (Bankr. S.D.N.Y. 2003)). The court further relied on *In re James*, 187 B.R. 395, 398 (Bankr. N.D. Ga. 1995), in explaining that the alleged wrongful conduct underlying a contemplated nondischargeability action does not itself justify an extension; cause must arise from circumstances demonstrating why additional time is required despite the creditor's prior investigative efforts.

12.

Huntington alleges even less. The Motion identifies no investigation undertaken, no information requested, no unanswered inquiry, no Rule 2004 examination, and no circumstance attributable to Debtor that prevented Huntington from completing its investigation before the bar date. It merely states that Huntington wants additional time to determine whether grounds for nondischargeability exist. Unlike the movant in *Riggs*, Huntington does not even allege that it attended the § 341 meeting of creditors, holds a prepetition judgment against Debtor, or possesses any other information bearing on the debt it proposes to investigate. Huntington's undisputed knowledge of the deadline, paired with its undisputed failure to pursue any discovery, is precisely the combination *Nowinski* and *Riggs* found fatal to a request for an extension.

13.

The circumstances pleaded by Huntington are therefore closer to *Weiskopf* and *Kitchens*, where last-day requests for additional investigation were denied for lack of demonstrated diligence. *See Weiskopf*, Doc. 23, at 4-6; *Kitchens*, Doc. 54, at 3-9.

14.

Debtor does not contend that cause can never exist for an extension or that every investigation must be completed within sixty days. The point is narrower: Rule 4007(c) requires Huntington to demonstrate cause. The present Motion does not tell the Court what Huntington has done, what remains to be done, why it remains undone, or why the original period was inadequate.

15.

The proposed order also extends the deadline generally for Huntington to file a complaint under "11 U.S.C. § 523(a)." [Doc. No. 11-1]. Rule 4007(c), however, applies to complaints governed by § 523(c), principally claims under § 523(a)(2), (4), and (6). Complaints concerning other dischargeability provisions are governed by Rule 4007(b) and are not subject to the same sixty-day deadline. *See Weiskopf*, Doc. 23, at 3. Any extension therefore should be limited expressly to the deadline imposed by Rule 4007(c).

16.

Huntington acknowledges that Debtor does not consent to the Motion. [Doc. No. 11, ¶ 6]. Debtor therefore files this Response to identify the substantive basis for his objection and to permit the Court to determine, in connection with the hearing on the Motion, whether Huntington has established the cause required by Rule 4007(c).

17.

If the Court nevertheless determines that a limited extension is appropriate, Debtor requests that any order make clear that: (a) the extension applies only to Huntington; (b) it applies only to a complaint governed by § 523(c) and Rule 4007(c); (c) the extended

deadline expires September 24, 2026; (d) nothing in the order extends the deadline to object to Debtor's discharge under § 727 or Fed. R. Bankr. P. 4004; and (e) the order does not include any finding or recital that no further notice or hearing is necessary. Rule 4007(c) permits an extension only "after notice and a hearing." Fed. R. Bankr. P. 4007(c). As noted above, Huntington acknowledges Debtor's non-consent, and Debtor's Objection now places the Motion squarely at issue. Any order granting an extension should therefore recite that it was entered only after notice to Debtor and a hearing on Debtor's Objection, not that no further notice or hearing was required.

WHEREFORE Debtor respectfully requests that the Court deny The Huntington National Bank's Motion to Extend Deadline to File Complaint to Determine Dischargeability of Debt [Doc. No. 11]; or, if the Court determines that an extension is warranted, limit the relief as set forth above; and grant such other and further relief as the Court deems appropriate.

This 8th day of September 2026.

*/s/ Howard D. Rothbloom*

______________________________
HOWARD D. ROTHBLOOM
Georgia Bar Number 915670
Attorney for Debtor

309 E. Paces Ferry Rd, NE
Suite 400
Atlanta, GA 30305
770-792-3636
howard@rothbloom.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CASE NUMBER: 26-56638-jwc** |
| | ) | |
| **WILLIE JAMES DUKES,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2026, I electronically filed the foregoing Debtor's Response and Objection to The Huntington National Bank's Motion to Extend Deadline to File Complaint to Determine Dischargeability of Debt with the Clerk of Court using the CM/ECF system, which will send electronic notice of filing to all registered participants entitled to notice, including counsel for The Huntington National Bank, and the Chapter 7 Trustee.

This 8th day of September 2026.

*/s/ Howard D. Rothbloom*

HOWARD D. ROTHBLOOM
Georgia Bar Number 915670
Attorney for Debtor

309 E. Paces Ferry Rd, NE
Suite 400
Atlanta, GA 30305
770-792-3636
howard@rothbloom.com