**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CASE NUMBER: 26-56638-jwc** |
| | ) | |
| **WILLIE JAMES DUKES,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

**DEBTOR'S RESPONSE AND LIMITED OBJECTION TO THE HUNTINGTON NATIONAL BANK'S MOTION FOR RULE 2004 PRODUCTION OF DOCUMENTS**

Debtor Willie James Dukes ("Debtor") files this Response and Limited Objection to The Huntington National Bank's ("Huntington") Motion for Rule 2004 Production of Documents [Doc. No. 15] (the "Rule 2004 Motion"), and respectfully shows the Court as follows:

1.

Debtor does not oppose Huntington conducting an appropriately tailored examination or obtaining documents within the permissible scope of Fed. R. Bankr. P. 2004. Debtor does object to the timing and sequencing of the requested production, the breadth and cumulative nature of portions of the document requests, the demand for all banking records of a non-debtor spouse, the treatment of confidential financial information, and the proposed order's prospective authorization of unidentified third-party subpoenas.

2.

Huntington filed the Rule 2004 Motion on September 10, 2026. The Motion asks the Court to require Debtor to produce the requested documents by 2:00 p.m. on

September 22, 2026, only twelve days after the Motion was filed and potentially fewer days after entry of an order.

3.

The Rule 2004 Motion concerns a $500,000 business loan made in May 2025 to Dukes Logistics LLC. Debtor executed an unconditional guaranty. Debtor and non-debtor Marilyn Dukes also granted a deed to secure debt and an assignment of leases and rents affecting real property in Fayette County, Georgia.

4.

Huntington states that it seeks documents to trace the disposition of the $500,000 in loan proceeds, determine whether proceeds were transferred to Debtor or third parties, identify assets, transfers, claims, or causes of action that may affect administration of the estate, and evaluate Huntington's rights and remedies arising from Debtor's guaranty.

5.

Exhibit F to the Motion requests, among other things, all monthly bank statements for every account in the name of Dukes Logistics LLC, Debtor, and Marilyn Dukes from May 2025 through the Petition Date; all check registers, ledgers, and journals for Dukes Logistics LLC; documents concerning disbursement and use of the loan proceeds; business financial statements; and 2025 federal income tax returns of Dukes Logistics LLC and Debtor, if filed.

6.

The Rule 2004 Motion follows Huntington's Motion to Extend Deadline to File Complaint to Determine Dischargeability of Debt [Doc. No. 11], filed on August 25, 2026, and Debtor's Response and Objection thereto [Doc. No. 14], filed on September 8,

2026. Debtor's prior Response specifically noted that Huntington had not identified any discovery undertaken, information requested, unanswered inquiry, or Rule 2004 examination during the period ending August 25, 2026.

7.

Debtor's willingness to cooperate with appropriately tailored Rule 2004 discovery does not waive, diminish, or otherwise affect Debtor's pending objection to Huntington's request for an extension under Fed. R. Bankr. P. 4007(c). The filing of the present Rule 2004 Motion on September 10, 2026 cannot retroactively establish diligence before the August 25, 2026 deadline, and any order on this Motion should expressly preserve that issue.

**ARGUMENT**

**I. RULE 2004 IS BROAD, BUT THE COURT MAY AND SHOULD TAILOR THE PRODUCTION TO THE STATED PURPOSE OF THE EXAMINATION.**

8.

Rule 2004 permits examination concerning the acts, conduct, property, liabilities, and financial condition of a debtor, matters affecting administration of the estate, and the debtor's right to a discharge. Fed. R. Bankr. P. 2004(b). Although its scope is broad, the Court retains discretion to impose appropriate conditions and limitations on a Rule 2004 examination and production. See *In re M4 Enters., Inc.*, 190 B.R. 471, 475-76 (Bankr. N.D. Ga. 1995).

9.

BLR 2004-1(a) requires counsel to make a good-faith effort to resolve disputes concerning the scheduling, scope, length, and production of documents associated with a

Rule 2004 examination. Consistent with that rule, Debtor proposed a consensual resolution that would permit a staged and focused production if the Court grants Huntington's pending Motion to Extend. Huntington did not agree to the proposed resolution.

## II. PRODUCTION SHOULD AWAIT THE COURT'S RULING ON HUNTINGTON'S MOTION TO EXTEND DEADLINE.

10.

Huntington's Motion to Extend presents the threshold question whether Huntington has established cause under Rule 4007(c) for additional time to pursue a potential nondischargeability complaint. That issue should be determined before Debtor is required to provide the post-deadline investigation Huntington did not undertake before August 25.

11.

Requiring production before the Court rules on the Motion to Extend would permit Huntington to obtain and review the very post-deadline discovery that may be used to develop a potential nondischargeability claim before the Court determines whether Huntington is entitled to additional time to pursue such a claim. Debtor therefore requests that no production be required pursuant to the present Rule 2004 Motion unless and until the Court grants Huntington's Motion to Extend.

## III. REQUESTS FOR BANKING RECORDS SHOULD BE NARROWED, PARTICULARLY AS TO THE NON-DEBTOR SPOUSE.

12.

If the Motion to Extend is granted, Debtor requests thirty (30) days after entry of

the order granting the Motion to Extend to complete a rolling production. If the Motion to Extend is denied, no production should be required under the present Rule 2004 Motion, without prejudice to Huntington's ability to seek appropriately tailored Rule 2004 relief for a purpose independent of a potential complaint governed by 11 U.S.C. § 523(c) and Rule 4007(c).

13.

Request No. 1 seeks all bank statements for Dukes Logistics LLC from May 2025 through the Petition Date. Because Huntington states that it seeks to trace the loan proceeds advanced to Dukes Logistics LLC, Debtor does not object to producing responsive statements in Debtor's possession, custody, or control, subject to the sequencing and production period requested above.

14.

Request No. 2 seeks all bank statements for every account in Debtor's name during the same period. Debtor should be required to produce statements only for accounts that received any portion of the $500,000 loan proceeds or transfers from Dukes Logistics LLC. Requiring every statement for every personal account without regard to any connection to the loan proceeds is broader than necessary at the outset.

15.

Request No. 3 seeks all bank statements for every account in the name of Marilyn T. Dukes, a non-debtor. The Motion does not allege that Marilyn Dukes was the borrower or guarantor, although she was a grantor of real-property collateral. Debtor objects to requiring wholesale production of all of a non-debtor spouse's personal banking activity. At most, any production through Debtor should be limited to records within Debtor's

possession, custody, or control that reflect receipt, transfer, or disposition of the loan proceeds, or transfers involving Debtor or Dukes Logistics LLC reasonably related to the loan transaction.

## IV. THE REMAINING PRODUCTION SHOULD BE STAGED, NON-DUPLICATIVE, AND SUBJECT TO APPROPRIATE CONFIDENTIALITY PROTECTIONS.

16.

Requests 4 through 7 seek overlapping categories of check registers, ledgers, journals, documents identifying disbursements, transfers, or distributions of the loan proceeds, payoff statements and invoices concerning refinanced debt, and documentation of expenditures characterized as working capital.

17.

Debtor should initially be required to produce documents sufficient to identify and trace the receipt, disbursement, transfer, distribution, and use of the $500,000 loan proceeds, including records sufficient to show any payoff of existing debt refinanced with the loan proceeds and expenditures of proceeds designated for working capital. Debtor should not be required to produce duplicative copies of information already reflected in other records produced. After reviewing the initial production, if Huntington reasonably believes additional documents within Rule 2004 are necessary, counsel can confer pursuant to BLR 2004-1(a) before Huntington seeks further relief.

18.

Debtor does not object, subject to the foregoing limitations and sequencing, to producing Dukes Logistics LLC's balance sheet, profit and loss statement, and cash flow statement for fiscal year 2025 and year-to-date 2026, to the extent such documents exist,

or to producing Dukes Logistics LLC's and Debtor's 2025 federal income tax returns, if filed.

19.

Bank records and tax returns contain sensitive financial information. Any financial records and tax returns produced pursuant to an order should be used solely in connection with this bankruptcy case and any related proceeding concerning Debtor or the subject indebtedness, should not be publicly disclosed except as permitted by further order of the Court or applicable law, and, if later filed with the Court, must comply with Fed. R. Bankr. P. 9037 and other applicable privacy requirements.

## V. THE PROPOSED ORDER SHOULD NOT PROSPECTIVELY AUTHORIZE UNIDENTIFIED THIRD-PARTY SUBPOENAS.

20.

The Rule 2004 Motion asks the Court not only to compel Debtor's production, but also to confirm Huntington's right to issue document subpoenas to unidentified third parties concerning the subjects described in the Motion. There is no need to adjudicate in advance the propriety or scope of subpoenas that have not been issued to persons who are not presently before the Court. Any such subpoena should independently comply with Fed. R. Bankr. P. 2004(c), Fed. R. Bankr. P. 9016, Fed. R. Civ. P. 45, including Rule 45's requirement that a reasonable time for compliance be allowed, and remain subject to any timely objection, motion to quash, motion for protective order, or other applicable right of the recipient or a party with standing.

21.

Huntington's paragraph 14 cites BLR 2004-1(c) as authority for a twenty-one-day period for third-party document production. Current BLR 2004-1(c), however, addresses only the length of a Rule 2004 examination and provides a six-hour limit absent consent or Court order; it does not establish a twenty-one-day subpoena response period. The requested blanket third-party provisions should therefore be omitted.

**VI. ANY ORDER SHOULD EXPRESSLY PRESERVE THE PENDING RULE 4007(c) DISPUTE.**

22.

Huntington's Rule 2004 Motion was filed after expiration of the August 25, 2026 deadline that is the subject of its pending Motion to Extend and after Debtor filed his Response identifying Huntington's lack of pre-deadline discovery. The present Rule 2004 Motion does not change what investigative steps Huntington did or did not take before August 25. Accordingly, any order granting Rule 2004 relief should expressly provide that it does not constitute a finding that Huntington exercised diligence before August 25, 2026, does not establish cause under Rule 4007(c), and does not otherwise affect Debtor's Response and Objection [Doc. No. 14].

WHEREFORE, Debtor respectfully requests that the Court grant Huntington's Rule 2004 Motion only in part and conditionally; order that no production be required unless and until the Court grants Huntington's Motion to Extend Deadline [Doc. No. 11]; if that Motion is granted, permit a rolling production completed within thirty (30) days after entry of the order granting the Motion to Extend; limit the scope of production as set forth above; require appropriate protection of confidential financial information; omit

prospective authorization of unidentified third-party subpoenas; expressly provide that the Rule 2004 order does not constitute a finding that Huntington exercised diligence before August 25, 2026, establish cause under Rule 4007(c), or otherwise affect Debtor's pending Response and Objection [Doc. No. 14]; and grant such other and further relief as the Court deems appropriate.

**CERTIFICATION PURSUANT TO BLR 2004-1(a)**

Undersigned counsel certifies that on September 11, 2026, he conferred in good faith with Noah W. Priest-Goodsett, counsel for Huntington, concerning the scheduling, scope, and production issues raised by the Rule 2004 Motion. Counsel sent a written proposal identifying Debtor's objections and proposed limitations, enclosed a proposed Consent Order, and offered to discuss the issues by telephone. Huntington responded with proposed revisions to the Consent Order. Counsel reviewed those revisions, and the parties were unable to resolve the timing and scope issues addressed in this Limited Objection by agreement.

This 11th day of September 2026.

/s/ Howard D. Rothbloom

**HOWARD D. ROTHBLOOM**
Georgia Bar Number 915670
Attorney for Debtor
309 E. Paces Ferry Rd, NE
Suite 400
Atlanta, GA 30305
770-792-3636
howard@rothbloom.com

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| **IN THE MATTER OF:** | ) | **CASE NUMBER: 26-56638-jwc** |
| | ) | |
| **WILLIE JAMES DUKES,** | ) | **CHAPTER 7** |
| | ) | |
| **Debtor.** | ) | |

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2026, I electronically filed the foregoing Debtor's Response and Limited Objection to The Huntington National Bank's Motion for Rule 2004 Production of Documents with the Clerk of Court using the CM/ECF system, which will send electronic notice of filing to all registered participants entitled to notice, including counsel for The Huntington National Bank, the Chapter 7 Trustee, and the Office of the United States Trustee.

This 11th day of September 2026.

/s/ Howard D. Rothbloom

**HOWARD D. ROTHBLOOM**
Georgia Bar Number 915670
Attorney for Debtor
309 E. Paces Ferry Rd, NE
Suite 400
Atlanta, GA 30305
770-792-3636
howard@rothbloom.com